# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2014 JAN 15 PM 2 33
CLERK OF COURT
BY:_____

PEOPLE OF GUAM,

vs.

JOHN BRYAN DOLLAHAN,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0310-12

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on August 8, 2013 for Defendant's Continued Motion to Suppress. Attorney Ray Ilagan was present for the Defendant. Assistant Attorney General Nicholas Barrett appeared on behalf of the Government. The parties subsequently submitted proposed Findings of Facts and Conclusions of Law, and the Court then took the matter under advisement. Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Driving While Under the Influence of Alcohol. The facts of this case are largely undisputed for the purposes of this motion. On April 30, 2010, the Guam International Airport Authority Police Division ("GIAA PD") conducted a DUI checkpoint on Airport Road. Defendant was flagged into the checkpoint and eventually submitted to a Standard Field Sobriety Test. Officers concluded that Defendant did not pass the test and arrested him for DUI. A subsequent breathalyzer test yielded a 0.175% BAC reading. Defendant then brought this Motion to Suppress the evidence obtained subsequent to his arrest arguing that his Fourth Amendment rights were violated when GIAA PD conducted an illegal search and seizure. Def's. Mot. pg. 1.

## DISCUSSION

At issue is whether or not GIAA PD conducted the DUI checkpoint in conformity with the United States Supreme Court's decision in *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444 (1990). The Court in *Sitz*, held that an initial stop and brief detention at a sobriety checkpoint does not violate the Fourth Amendment when the checkpoint is conducted in

conformity with guidelines on operation, site selection and publicity. *Id.* At the outset, the Court acknowledges that the GIAA PD does have a DUI Enforcement Operation Plan to adhere to. Def's. Ex. B. Defendant first argues that GIAA PD's DUI plan does not detail the *method* of conducting the checkpoint, e.g. "every vehicle, every fifth vehicle" etc., nor does it address *publication* of the checkpoint prior to its commencement. Def's. Mot. pg. 3. Next, Defendant argues that because he never received the specific operations plan for the April 30th checkpoint, there is no way to verify that GIAA PD complied with their plan for that evening. *Id.* As a result, Defendant concludes that that there is no indication that his flagging into the DUI checkpoint was anything other than a discretion-less stop. *Id.* To support, Defendant also compares the GIAA PD's DUI plan to the Guam Police Department's ("TIS 91-45"), which Defendant acknowledges as being in compliance with *Sitz*.

The Government argues that the GIAA PD operation plan meets the basic requirements that TIS 91-45 outlines. People's Opp. pg. 4. The Government does acknowledge, however, that GIAA PD's operation plan does not provide a specific selection method for vehicles, similar to TIS 91-45. *Id.* On August 8, 2013, the Court heard sworn testimony from veteran Officer John Santiago. He testified that the procedure for the April 30 checkpoint was communicated to the officers during a briefing prior to conducting the checkpoint. Officer Santiago testified that for DUI checkpoints, normally every fourth through sixth vehicle is stopped. On the evening in question, every fourth vehicle was stopped. He explained, however, that the random number decided upon at the briefing can change depending on the flow of traffic. Officer Santiago further testified that he was aware of the requirement that the public be given notice 72 hours in advance of the checkpoint.

The Government cites to the Court's previous decision in *People v. Calhoun*, CM0352-12, where the Court held that it was not "confident a single detour, or several small detours, of TIS 91-45 would violate the constitution and that there was no rationale sufficient to warrant suppression." *Calhoun*, CM0352-12 Decision and Order at 2, Mar. 1, 2013. In that case, the Court addressed the Defendant's arguments regarding GPD's planning of location and safety, the adequacy of the warning, and the lack of an after action report. The Court went on to find that the planning of an objective location and the requirement for safety considerations were

both fulfilled for the checkpoint at issue in that case. That finding included the fact that a checkpoint could be paused or *adjusted* to ensure officer safety and a minimal amount of intrusions or motorist inconvenience. The Court, however, indicated that Defendant made a strong argument that the requirement publicity was hardly met. *Id.* at 3. The Court eventually held that although the publication was vague and mentioned broad stretches of road over a near four day time frame, the Court was not convinced that the notice failed to prepare the People of Guam for potential imminent checkpoints. Lastly the Court found, contrary to Defendant's argument, that an after-action report was completed in that case.

In this case, Officer Santiago testified that the set numbered vehicle to be flagged into the checkpoint could change depending on the flow of traffic. Considering that adjusting the checkpoint is necessary to ensure officer safety and a minimal amount of intrusion and motorist inconvenience, the Court cannot conclude that the checkpoint in this case ran afoul of *Sitz* on that basis. Furthermore, although Officer Santiago did not know for sure whether the GIAA PD complied with the notice requirement in this case, he explained that his lack of certainty was due to him not being part of the Department's marketing division, which oversees the dissemination of public notice. Officer Santiago did testify, however, that it was *procedure* for the Department to give advanced public notice. Lastly, even without an after action report, the Court is convinced, through Officer Santiago's testimony, that the GIAA PD acted properly in conducting the April 30 checkpoint.

**CONCLUSION**

The Court hereby DENIES Defendant's Motion to Supress.

So ORDERED this __15__ day of January, 2014.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JAN 15 2014

Linda M. Perez
Deputy Clerk, Superior Court of Guam

*People v. Dollahan,*
Decision and Order
CM0310-12